THE PRESIDENT AND TRUSTEES OF LAMASCO CITY, HOOVER and Another *v.* BRINKMEYER.

A judgment cannot be reversed, under the code, for error in ruling upon a demurrer for misjoinder of causes of action.

Action to enjoin the extension of a street through the plaintiff's land. The complaint set up title. Answer, that the plaintiff had no title or interest in the land, rejected, on motion, as tendering an immaterial issue. A general traverse was also pleaded. *Held*, that the matter of the rejected paragraph was material; but that as it might have been proved under the general traverse, there was no error in rejecting it.

The Court of Common Pleas cannot, under the statute, try an issue involving the title to real estate, arising upon an application for an injunction.

APPEAL from the *Vanderburgh* Court of Common Pleas.

DAVISON, J.—*Brinkmeyer* filed a complaint in the Court of Common Pleas, to enjoin the appellants, who were the defendants, from opening or extending the streets of *Lamasco City* upon, through, or over his land; also to enjoin the collection of a tax assessed for corporation purposes.

The facts alleged in the complaint are substantially these: The plaintiff is the owner, in fee simple, of a tract

May Term,
1859.

THE PRESI-
DENT, &C.
v.
BRINK-
MEYER.

of land in *Vanderburgh* county, containing twenty acres, which is bounded on the south, in part on the east, and in part on the west, by property within the corporate limits of *Lamasco City*. Said tract is not, nor has it ever been, platted or laid off into town lots; but the same is, and has been, used exclusively for manufacturing brick, and for agricultural purposes. *Franklin* street and *Sixth* street would, if extended east, pass through plaintiff's land, which land is bounded on the south by *Ann* street, and which street, so far as it forms such boundary, is only thirty feet wide.

Defendants pretend that, by certain proceedings of the board of commissioners of said county, had at their *March* term, 1855, a portion of said land, and particularly the southern end of it, was incorporated into, and became, a part of *Lamasco City;* and that, in virtue of such pretense, they are actually engaged in digging down and opening *Ann* street, to the width of forty feet, along the south end of plaintiff's land, immediately in front of his dwelling-house, pretending that they, the defendants, have a right to widen the street.

It is averred that the proceedings before the commissioners are void in law; that defendants threaten to extend *Franklin* and *Sixth* streets through said land, and are engaged in taking and appropriating a strip of it about ten feet wide, for the use of the town, without first making or tendering to the plaintiff any compensation therefor. And that they have caused ten acres of the same land to be assessed for taxation, as though it really was within the corporate limits of the town.

Damages to the amount of 100 dollars are claimed for the trespass, &c., and an injunction prayed, &c.

Defendants demurred to the complaint; but their demurred was overruled, and they excepted. It is insisted that the demurrer should have been sustained; that this was not merely a complaint for an injunction, but also an action of trespass, seeking reparation in damages, and that, therefore, several causes of action were improperly united. The code says, " No judgment shall ever be re-

versed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." 2 R. S. p. 38, § 52. It follows that the objection raised to the complaint is not available in this Court.

The defendants answered in five paragraphs. The first was rejected on motion. Demurrers were sustained to the second and third. The fourth was a general denial; and to the fifth there was a reply. The jury found a special verdict for the plaintiff, upon which the Court, having refused a new trial, rendered judgment that the defendants be enjoined, &c.

The first paragraph avers, that "the plaintiff had no title to, or interest in, the land referred to in the complaint." This, it appears, was rejected on two grounds—

1. The matter stated was irrelevant, and tendered an immaterial issue.

2. It was surplusage, being, if material, contained in the general denial.

The first ground is not well taken. If the plaintiff had no title to, or interest in, the land which he describes, he was evidently not entitled to an injunction; hence, the matter pleaded was material. But the complaint itself alleges title in the plaintiff, and that allegation being material, it was competent for the defendants, the plaintiff having made a *prima facie* case, to disprove it under the general traverse. Van Santv. Pl. 453.—*Benedict* v. *Seymour*, 6 How. Pr. 298. And the result is, there being, in this instance, a defense well pleaded, under which the defendants could have proved the matter stated in the rejected paragraph, its rejection cannot be assigned for error. 4 Ind. R. 79.—7 *id.* 178.

In connection with this, the inquiry arises—Had the Common Pleas jurisdiction? The statute says that that Court shall have no jurisdiction where the title to real estate shall be in issue. 2 R. S. p. 18, § 11. And further, it declares that where such title shall be in issue, the Circuit Court shall have original, exclusive jurisdiction. *Id.* p. 6, § 5. Either provision is broad enough to extend to any case where the title to real estate may be in issue,

May Term, 1859.

and the latter points out, very distinctly, the Court in which that issue is triable. To this statutory rule, we know of but one exception, and that occurs in cases for partition. Section 5 of the act establishing Courts of Common Pleas, expressly confers upon that Court and the Circuit Court, in such cases, concurrent jurisdiction. *Id.* p. 17. And we have decided that the jurisdiction thus conferred on the former Court necessarily includes the power to settle the title to real estate, in order that it may be able to effect the partition. 7 Ind. R. 74.—8 *id.* 147. But this decision does not, in our opinion, apply to the case at bar; because the statute under which it proceeds, though it authorizes each Court to grant injunctions, does not confer upon them concurrent jurisdiction. 2 R. S. p. 59, § 136. This statute, it seems to us, confers no power on the Common Pleas to try any issue the trial of which in that Court is inhibited by the act creating it. *Id.* p. 18, § 11. Here, by an averment in the complaint, which is directly traversed by the answer, the title to real estate is directly in issue, and, in sequence, the Common Pleas had no jurisdiction.

Other points are made in the argument; but the Court, having no power to try the case, they do not properly arise in the record.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. *Law* and *H. Plumer*, for the appellants.

C. *Baker*, for the appellee.