## Burrows v. Holderman and Another.

PRACTICE.—*Demurrer.*—*Misjoinder of Causes.*—Complaint to recover the possession of certain real estate held by the defendant as tenant of the plaintiff, for non-payment, upon ten days' notice, of rent due, and also for the rent unpaid, in one paragraph. Finding, that the plaintiff was not entitled to the possession of the premises, and that the defendant was indebted to the plaintiff in a certain sum. Judgment for the sum found due.

*Held,* that if two causes of action were improperly joined, the only method to reach that error was by demurrer.

*Held,* also, that this court can in no case reverse a judgment for this error.

APPEAL from the Marion Civil Circuit Court.

RAY, J.—This cause was commenced before a justice of the peace and appealed to the circuit court. The complaint is as follows:—

"Henry Holderman and Isaac Boone complain of G. W. Burrows, and say that said defendant as tenant of plaintiff occupied certain real estate under a written lease filed herewith and made part hereof, and containing a description of said real estate; and said Burrows has failed to pay the rents due under said lease, and is now indebted to said plaintiff in the sum of three hundred and twenty-five dollars for said rent; and that on the 1st day of July, 1867, they caused a notice to be served on said Burrows, which, together with the return thereon, is filed herewith and made part hereof, demanding possession of said premises within ten days from that time, if the rents should not be paid; said defendant has failed to pay said rent and refused to deliver up possession of said premises; wherefore plaintiffs pray judgment for possession of said premises, and for two hundred dollars damages for non-payment of rent, and for all proper relief."

To this a denial was filed. Trial by the court, and a finding that the plaintiff was not entitled to the possession of the premises, and that the defendant was indebted to the plaintiff in the sum of one hundred and twelve dollars and fifty cents, rent to July 1st, 1867.

The defendant moved for a new trial. The only reason

assigned, which is argued in this court, is, that the finding is against the law and the evidence. The motion was over-ruled, and judgment rendered for the sum found due.

It is insisted, that the action is brought under the provision of the "act concerning the unlawful detention of lands and the recovery thereof," 2 G. & H. 630; and that section 1 of that act only authorizes a recovery of damages for the detention when the landlord is entitled to the possession of the lands; and as the court finds he is not entitled to such possession in this case, there can therefore be no recovery here.

There was no motion made to separate the two causes of action. There was no demurrer for misjoinder of causes of action.

The section already cited authorizes the suit for the recovery of the lands, and also provides for the recovery at the same time of damages for the detention.

This action is not for damages for the detention, but for rent unpaid.

The "act containing several provisions regarding landlords, tenants, lessors, and lessees," 2 G. & H. 358, provides, in section 17, that "rents from lands are collected as other debts."

If these two causes of action were improperly joined, the only method to reach that error was by demurrer. We can in no case reverse a judgment for this error. 2 G. & H. 81, sec. 52.

Judgment affirmed, with costs and ten per cent. damages.

*E. W. Kimball,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellees.