## HON, EXECUTOR, v. HON.

TRUSTS.—*Express Trust in Personal Property may be Created by Parol.—Conversion.—Demand.*—A trust in personal property may be created by parol, and where suit is brought by the *cestui que trust*, against the trustee, for an alleged breach of the trust by conversion, no demand need be alleged.

| 70 | 135 |
| 132 | 240 |
| 70 | 135 |
| 135 | 18 |

| 70 | 135 |
| 160 | 642 |

SAME.—*Conveyance of Land.—Action for Purchase-Money.—Husband and Wife.*—In an action by a widow, against her deceased husband's estate, the complaint alleged the conveyance by her to him, before marriage, of her real estate, in consideration of his promise to invest the proceeds of the same, after marriage, in real estate for her. It also alleged a sale and conveyance of the same, and conversion of the proceeds, by the decedent, during the marriage.

*Held*, on demurrer, that the husband took, not a trust, but an absolute title in the lands, but that his estate is liable on his said agreement, for the value of the land.

SAME —*Accord.---Instruction —Contract.—Fraud.* —There being an answer of accord and satisfaction between the plaintiff and decedent, it was proper for the court to instruct the jury that a contract between a husband and wife, concerning her separate property, must be free from fraud on the part of the husband, and be beneficial to her.

SUPREME COURT.—*Striking out Part of Pleading.—Harmless Ruling on Motion.*—Error in refusing to strike out parts of a pleading is not available.

SAME.—*Harmless Ruling on Demurrer.*—Error in sustaining demurrers to paragraphs alleging facts admissible in evidence under a remaining paragraph is not available.

From the Harrison Circuit Court.

*S. K. Wolfe* and *A. Stephens*, for appellant.

*W. T. Jones, S. J. Wright, W. N. Tracewell* and *R. J. Tracewell*, for appellee.

NIBLACK, J.—The complaint in this case was by Annis Hon, against Matthew M. Hon, executor of the last will of Ulrich H. Hon, deceased, and was in three paragraphs.

The first paragraph charged that the plaintiff was, on the 1st day of October, 1865, the owner of personal property of the aggregate value of two thousand one hundred and twenty-six dollars and fifty cents ; that, said Annis being at the time an unmarried woman, the said Ulrich H. Hon made

proposals of marriage to her, which were accepted ; that the said Ulrich, at the same time, proposed to take charge of her said personal property, and to hold the same in trust for her and to her sole use and benefit, to which she also assented ; that she was married to the said Ulrich on said 1st day of October, 1865, at which time he took possession of said personal property, and afterward converted the same to his own use. Wherefore the plaintiff demanded judgment for the value of such personal property.

The second paragraph charged that, previous to her marriage with the said Ulrich, as above stated, the plaintiff was the owner of certain described real estate; that, to induce her to convey said real estate to him, the said Ulrich promised that, after their marriage, he would invest the proceeds of such real estate for her sole use and benefit, in other property, either in New Albany, in this State, or in Louisville, in the State of Kentucky ; that, in consideration of such promise on his part, she did, on the 15th day of September, 1865, convey her said real estate to the said Ulrich ; that, on the 22d day of August, 1867, the said Ulrich sold and conveyed said real estate to one Philip Jacobi, for the sum of two thousand two hundred dollars, which sum of money was never invested for her benefit, but remained in the hands of said Ulrich at the time of his death, in April, 1874. Wherefore judgment was also demanded for the proceeds of such real estate,

The third paragraph was as to the conveyance of said real estate to the said Ulrich, and the sale of it by him to Jacobi, substantially the same as the second paragraph ; but it also charged that the said Ulrich had converted the proceeds to his own use, and that he had afterward, on the 1st day of June, 1869, agreed with the plaintiff that he had in his hands the sum of four thousand dollars belonging to her, which he would continue to hold for her use and benefit.

The defendant demurred to each paragraph of the complaint severally, but his demurrer was overruled as to all the paragraphs.

The defendant then answered in eight paragraphs. The first was in general denial, and the rest severally set up special matters in defence. The fifth and sixth paragraphs averred, each in a different form, an accord and satisfaction of the plaintiff's claim, and demurrers were sustained to both of those paragraphs.

After issue, and upon a trial, a verdict was returned for the plaintiff for one thousand six hundred dollars. A motion for a new trial being first overruled, judgment followed upon the verdict.

Errors are assigned upon the overruling of the demurrer to the several paragraphs of the complaint, upon the refusal of the court to strike out certain portions of the complaint, upon the sustaining of the demurrers to the fifth and sixth paragraphs of the answer, and upon the overruling of the motion for a new trial.

It is objected to the first paragraph of the complaint:

1st. That the trust charged to have been created in favor of the plaintiff was not averred to have been declared in writing; and,

2d. That no demand of the property was alleged.

A trust in personal property may be established by parol. In the absence of a statute, the owner has entire control of his personal property. He can sell and transfer it by parol; and, if he can so dispose of it by parol, there is no reason why he may not by parol transfer it upon such lawful terms, and to such uses and trusts, as he may desire. 1 Perry Trusts, secs. 86, 130.

Where a conversion of personal property is alleged, as in this case, it is unnecessary to aver a demand for it before the commencement of the action. *Bunger* v. *Roddy, ante,* p. 26.

It is urged, as an objection to the second paragraph of the complaint, that the trust charged to have been created by the conveyance of the lands to the defendant's testator was not declared in writing, and did not result by implication of law from the facts alleged ; and that, hence, no valid trust was shown in favor of the plaintiff.

The doctrine of trusts concerning real estate, as insisted upon by the appellant, is not, we think, applicable to the case made out by this second paragraph. To our minds, the facts make it apparent that Ulrich II. Hon took an absolute conveyance of the lands from the appellee, upon certain terms and agreements to be complied with by him, and thus became the purchaser of the lands, and that, by reason of his failure to comply with such terms and agreements, his estate has become liable to pay the value of the lands as the purchase-money or consideration therefor. *Burt* v. *Bowles*, 69 Ind. 1.

What has been said as to the second paragraph is equally applicable to the third paragraph of the complaint. All the paragraphs of the complaint appear to us to have been sufficient upon demurrer.

We have not considered the questions arising upon the motions to strike out certain portions of the complaint, as the overruling of a motion to strike out a part of a pleading is not available as error upon an appeal to this court. *Brinkmeyer* v. *Helbling*, 57 Ind. 435.

The facts set up in the fifth and sixth paragraphs of the answer were admissible in evidence under the second and eighth paragraphs of the same answer. The defendant was therefore not injured by the action of the court in sustaining the demurrer to the fifth and sixth paragraphs, and no error resulted from such action of the court. *Shellenbarger* v. *Blake*, 67 Ind. 75 ; *Welshbillig* v. *Dienhart*, 65 Ind. 94.

Upon the trial, the court instructed the jury that

" A husband may contract with his wife in relation to her separate estate, but on account of the peculiar relations of the parties toward each other, and the trust and confidence that the wife is presumed to have in her husband, and the influence he is supposed naturally to exercise over her, the law looks with much caution upon such contracts, and requires of the husband the most scrupulous good faith, and, if there be any element of fraud or lack of consideration, the law scrutinizes it with much care, and will only uphold it when it is for the benefit of the wife, or has been made with the utmost good faith."

The appellant contends that this instruction was erroneous for two reasons :

First. Because there was no reply of fraud to that portion of the answer which set up an adjustment and satisfaction of the appellee's claim ;

Second. Because it was generally too favorable to the appellee.

But both of these objections are untenable. It was in the first place incumbent on the appellant to show affirmatively, that any supposed adjustment of the appellee's demand against the testator, made during the existence of the marriage relation, was fair and honest, and reasonably advantageous to the appellee, without any allegation of fraud on her behalf.

In the next place, the instruction correctly stated the law as to dealings between husband and wife, concerning her separate estate, and was fairly applicable to some portions of the evidence.

Exceptions were reserved to other instructions given by the court, but what we have said upon the instruction set out as above, and upon the sufficiency of the several paragraphs of the complaint, practically disposes of all questions arising upon the remaining instructions.

It is also objected that the verdict was not sustained by sufficient evidence. There was much conflict in the evidence, and much of it, as to the amount and value of the personal property, was very general and indefinite, and to that extent at least somewhat unsatisfactory in its character, but there was evidence fairly tending to support the verdict. We can not, therefore, disturb the verdict on account of the evidence.

The judgment is affirmed, with costs, to be paid out of the estate of the testator, in the hands of the defendant.