No. 7578.

## The City of Greencastle *v.* Martin.

CITIES AND TOWNS.—*Negligence.*—*Impounding Animals Running at Large.*—*Ordinance.*—*Complaint.*—A complaint against a city, alleging that its pound fence was not high enough, that an animal impounded by the city was improperly tied, and that thereby, without the plaintiff's fault, the animal sustained injuries, contains a good cause of action. Municipal corporations are responsible to the same extent, and in the same manner, as natural persons, for injuries caused by the negligence or unskilfulness of their agents in the construction of works for the benefit of the cities or towns under their government.

The City of Greencastle v. Martin.

SAME.—For any negligence of its agents in the construction of a pound, or in any purely ministerial duty under a pound ordinance, a city is liable, just as a private person would be for the acts of his agents.

SAME.—*Conversion.*—*Particulars.*—*Demurrer.*—That a paragraph of complaint, alleging conversion, does not give the particulars of the conversion, is not a ground of demurrer.

PRACTICE.—*Motion to Strike Out.*—Overruling a motion to strike out part of a complaint is not available error on appeal. Where the matters objected to were parts of the transaction charged as negligence, a motion to strike them out was correctly overruled.

SAME.—*Instructions.*—*Waiver.*—Objections to instructions not argued in the brief, nor supported by authority, are waived.

SAME.—*Pound Ordinance.*—*Police Regulation.*—*Harmless Inaccuracy.*—A pound ordinance is a police regulation authorizing summary proceedings, and must be strictly adhered to; but a statement in an instruction that it is "penal in its nature," is but a slight inaccuracy, could do no harm, and ought to be disregarded.

EVIDENCE.—*Conversion.*—Where there was no proof of a wrongful appropriation, or of intent to make a wrongful appropriation, of an animal impounded by a city marshal under a city ordinance, a finding against the city, upon a paragraph of complaint charging such a conversion by the city, is not sustained by the evidence.

SAME.—*Negligence.*—A paragraph of complaint charging a city with negligence in four particulars: 1st, building the pound fence too low; 2d, tying the animal of plaintiff with a rope too long; 3d, failing to post up notice of impounding; and 4th, failing to offer the animal for sale at the end of forty-eight hours after the posting, is not sustained by sufficient evidence, where no witness testified that the fence was too low, or that the animal was improperly tied, or that the failure to post notices or to sell produced the injury complained of, or had any tendency to produce it.

SAME.—A city is not shown to have been guilty of the negligence which was the proximate cause of an injury to an animal confined in a pound, when it appears that the animal ruined itself by a wild and vicious effort to overleap a fence sufficient to confine any ordinary animal of the horse kind.

SAME.—*Pound Fence.*—When a pound fence intended to confine horses and cattle is proved to be sufficient for its purpose by competent and credible witnesses, and no testimony is introduced to the contrary, such proof settles the question as to the sufficiency of the fence, and the mere fact that an animal confined in such pound, and properly cared for there, kills itself by rushing against such fence, or by kicking against it, or by trying to clear it in leaping, does not impair the testimony of those witnesses, and has no tendency to prove the insufficiency of the fence.

From the Putnam Circuit Court.

The City of Greencastle *v*. Martin.

*T. Hanna*, *S. A. Hays* and *W. H. Crow*, for appellant.
*H. H. Mathias*, *C. C. Matson*, *D. E. Williamson* and
*A. Daggy*, for appellee.

BICKNELL, C.—The city of Greencastle had an ordinance
to prevent certain animals from running at large in the city.
The ordinance required the city marshal to take up and im-
pound such animals, and to give immediate notice thereof
by posting; and, if the owner should fail to appear within
forty-eight hours after the posting, then to sell the animals,
etc. Under this ordinance, the city marshal took up and
impounded the appellee's mare, and kept her in the city
pound, from Monday until the next Friday morning, with-
out any posting or offer to sell; and then the mare jumped
over the pound fence and broke her leg, and thereby be-
came valueless, and was killed by the marshal.

No question is made as to the authority of the city to enact
and enforce said ordinance.

The complaint seeks to recover damages from the city for
the alleged negligence of the marshal. It contains three
paragraphs; the appellee concedes that the third paragraph
was bad. The first paragraph charges negligence; the sec-
ond paragraph charges a conversion.

Demurrers to the first and second paragraphs were over-
ruled. A motion to strike out from the first paragraph all
the allegations of negligence, except as to the alleged im-
proper construction of the pound, was overruled. The ap-
pellee answered in two paragraphs, the first of which was
the general denial. A demurrer to the second paragraph
of the answer was overruled; and a reply was filed in denial
of said second paragraph. The issues were tried by a jury,
who returned a verdict for the appellee.

The appellant's motion for a new trial was overruled, and
judgment was rendered upon the verdict. The appellant
assigns errors as follows:

*First.* The court erred in overruling the demurrers to the first and second paragraphs of the complaint.

*Second.* The court erred in overruling the motion to strike out part of the first paragraph of the complaint.

*Third.* The court erred in overruling the motion for a new trial.

The appellant urges that, for such injuries as are set forth in the first paragraph of the complaint, cities are not liable.

There are conflicting authorities upon the liability of municipal corporations for the acts of their servants, but the law of Indiana is as follows: "Municipal corporations are responsible to the same extent, and in the same manner, as natural persons, for injuries occasioned by the negligence or unskilfulness of their agents in the construction of works for the benefit of the cities or towns under their government." *Ross* v. *The City of Madison*, 1 Ind. 281 ; *Stackhouse* v. *The City of Lafayette*, 26 Ind. 17 ; *Brinkmeyer* v. *The City of Evansville*, 29 Ind. 187.

The material averments of the first paragraph of the complaint are: "That said injury to said mare was caused by the negligence and unskilfulness of the defendant and its servants, in this, to wit: The defendant so negligently and unskilfully constructed the said fence, surrounding said inclosure or pound, that the same was not sufficient in height to prevent animals therein confined from jumping out, or attempting to jump out ; that the defendant, by its servants, negligently tied said mare next to said fence, and with rope sufficiently long to enable the mare to jump over said fence, without breaking said rope at its fastening ; that said defendant, by its servants, negligently failed to give notice of the taking up and impounding of said mare immediately thereafter, as by said ordinance required to do ; that said defendant, by its servants, negligently failed to offer said mare for sale, within the time by said ordinance required. And the plaintiff further says, that said injury to said mare

was not caused by any fault or negligence on his part, and that, by reason of such injury, so caused by the negligence and unskilfulness of the defendant and its servants, he is damaged," etc.

So far as this paragraph alleges that the fence was not high enough, and that the mare was improperly tied, and that thereby, without fault of the appellee, the damages were sustained, it contains a good cause of action, under the authorities hereinbefore referred to. See, also, *Mayor, etc., v. Furze,* 3 Hill, 612; *The Rochester W. L. Co. v. The City of Rochester,* 3 N. Y. 463; *Lloyd v. Mayor, etc.,* 5 N. Y. 369.

For any negligence of its agents in the construction of the pound, or in any purely ministerial duty under the pound ordinance, the city is liable, just as a private person would be for the acts of his agents. Cooley Torts, 122, 379. There was, therefore, no error in overruling the demurrer to the first paragraph of the complaint.

The second paragraph of the complaint alleges a conversion, as follows: "That the defendant, on," etc.,"at," etc., "wrongfully converted to its own use one sorrel mare, the property of the plaintiff, of the value of one hundred and fifty dollars, to the plaintiff's damage one hundred and fifty dollars." It is claimed that the particulars of the conversion ought to be given; but that objection is not ground of demurrer. There was no error in overruling the demurrer to the second paragraph. *Hon v. Hon,* 70 Ind. 135.

As to the motion to strike out part of the first paragraph of the complaint, this court holds that overruling such a motion is not available as error on appeal. *Brinkmeyer v. Helbling,* 57 Ind. 435; *Hon v. Hon,* 70 Ind. 135. But the motion to strike out was rightly overruled. Negligence is a question of fact for the jury. The matters objected to were parts of the transaction; they are charged as negligence. It was for the jury to determine upon the evidence, whether the

acts and omissions charged as negligence amounted to negligence or not.

As to the motion for a new trial, the fourth, fifth and sixth reasons alleged therefor relate exclusively to the admission of testimony, and these reasons can not be considered, because the bill of exceptions fails to show any exception taken to the admission of testimony.

The first, second, third and seventh reasons alleged for a new trial relate exclusively to the instructions to the jury. The third reason is that the court erred in giving to the jury instructions asked for by the appellee and marked 1, 2 and 6. The objections to those instructions marked 1 and 2 are not argued in the brief nor supported by authority. They are therefore waived. *Payne* v. *McClain*, 7 Ind. 139.

Instruction No. 6, given to the jury at the request of the appellee, is as follows: "The city ordinance providing for the impounding of horses is penal in its nature, and in such cases there must be a strict compliance with the terms, conditions and provisions of such ordinance, and any deviation from such ordinance can not be justified."

The ordinance is not penal; it is a police regulation authorizing summary proceedings, and, therefore, like a penal ordinance, it must be strictly adhered to; but the slight inaccuracy in the phrase, "penal in its nature," could do no harm, and ought to be disregarded.

The seventh reason for a new trial is not argued in the brief nor supported by authority, and it is therefore waived.

The first and second reasons for a new trial allege error of the court in giving certain instructions of its own motion, and in refusing to give certain instructions asked for by appellant, and these errors, says the appellant, are shown "by reasons given before in the brief." No other allusion is made in the brief to these alleged errors. The only "reasons given before in the brief" were in support of the demurrer to the complaint, and in support of the motion to

strike out part of the complaint. These reasons were not sufficient for the purposes for which they were presented, and it follows that they are not sufficient for the purposes for which the appellant refers to them in regard to the instructions. The complaint being sufficient, and the motion to strike out having been rightly overruled, the instructions given by the court of its own motion were correctly given, and the instructions asked for by the appellant were properly refused. The only remaining reasons alleged for a new trial are, that the verdict was not sustained by sufficient evidence, and is contrary to law.

There was no evidence to warrant a finding for the appellee upon the second paragraph of the complaint, which charged a conversion. There was no proof of wrongful appropriation, or of intent to make a wrongful appropriation. *Wilson* v. *McLaughlin*, 107 Mass. 587.

In the first paragraph of the complaint, negligence is charged in four particulars: First, in building the pound fence too low; second, in tying the mare with a rope too long; third, in failing to post up notice of the impounding; fourth, in failing to offer the mare for sale at the end of forty-eight hours after the posting. The averment is that these acts of negligence caused the injury. But upon the trial no witness testified that the fence was too low; no witness testified that the mare was improperly tied, or that the failure to post notices, or the failure to sell, produced the injury complained of, or had any tendency to produce it. The only testimony upon these points was as follows:

Messer B. Welch, the city marshal, a witness for the appellee, testified: "I know something about horses; have built fences for confining horses; I am acquainted with the fence and enclosure around the city pound, and I consider it sufficient for ordinary purposes, for confining horses and other animals that are to be impounded under the impounding law; I don't know of any other stock jumping out of

the pound; I did not post up any notices for the sale of said mare; I did not offer the mare for sale;  *  *  *  the city pound fence was five plank high, seven or eight inches apart; fence about as high as my chin, five feet five inches; good care and attention given to the mare."

William Bosson, a witness for appellant, testified: "I was a member of the common council of Greencastle, and a member of the police committee and fire committee; the police board had the city pound constructed; it was constructed according to plans furnished by police board; pound thirty feet square, five feet high; am seventy years old, have had a good deal of experience with stock, especially horses; think the pound was sufficient to impound stock, especially horses; no special order for building pound; the city paid for building the pound; the pound was constructed in a good workmanlike manner; I consider the pound good for ordinary purposes; think it prudent to tie horse with a rope long enough to jump out; more danger with a short rope than with a long one."

James M. Hays, a witness for the appellant, testified: "I was a member of the common council of Greencastle, and a member of the police board and fire committee; I am acquainted with the nature of cows and horses; police board had the pound constructed, and it was constructed according to plans furnished by police board; common council intended to build an ordinary plank fence; I think the pound sufficient to impound stock such as horses and cows, the kind of stock required to be impounded by the city ordinance."

The appellee seems to have supposed that the mere fact that the mare jumped the fence warranted the inference that the fence was too low; but there is no room for such an inference against the uncontradicted testimony that the fence was sufficient.   The failure to post up notices, and the failure to offer to sell, were undoubtedly such negligence as might make the city liable for any injury caused thereby;

the duty of the marshal, in relation to these matters, is a duty to the owner of the animal, and these are matters of a ministerial nature, within the scope of the actual and ostensible authority of the officer, and within the power of the city. But the question remains, was the injury in this case caused by the failure to post notice, and the failure to sell? It followed those failures, but mere sequence amounts to nothing. The appellee, in his brief, puts the argument thus: "If said mare had been advertised and sold, she would have had two days advantage of the calamity;" but the same might have been said if some stranger had poisoned or shot the mare in the pound on the fourth day.

There must be some connection between the negligence and the injury in the way of cause and effect; and the negligence which creates liability must be the proximate cause of the injury. In 2 Greenleaf on Evidence, sec. 256, it is said: "The damage to be recovered must always be the *natural and proximate consequence* of the act complained of." Proximate cause is a cause from which a man of ordinary experience and sagacity could foresee that the result might probably ensue. Shearman & Redfield Negligence, p. 11.

Sometimes the injury is *prima facie* evidence of negligence, as in case of fire from the sparks of a railway engine. *Piggot* v. *The Eastern, etc., R. W. Co.*, 3 C. B. 229. So, in case of a railway engine running off the track. *Carpue* v. *London, etc., R. W. Co.*, 5 Q. B. 747. But, even in such cases, there can be no recovery, unless the negligence was the proximate cause of the injury. *The Pennsylvania Co.* v. *Hensil*, 70 Ind. 569.

In the case of *Fent* v. *The Toledo, etc., R. W. Co.*, 59 Ill. 349, LAWRENCE, C. J., delivering the opinion of the court, said: "If loss has been caused by the act, and it was, under the circumstances, a natural consequence which any reasonable person could have anticipated, then the act is a proximate cause." The defendant is to be held responsible, "if

the loss is a natural consequence of its alleged carelessness, which might have been foreseen by any reasonable person, but is not to be held responsible for injuries which could not have been foreseen, or expected, as the results of its negli-gence.''

These authorities are applicable to the present case. The fence being sufficient in itself, as shown by the testimony, it could not have been foreseen or expected that a failure to post notices would produce the wild act of the animal, which caused its death. When a fence is shown to be sufficient, it is as good for four days as for two.

In *Marble* v. *The City of Worcester*, 4 Gray, 395, a horse, running away, threw down and hurt the plaintiff; the horse was frightened by a vehicle striking against a defect in the highway. It was held that the city was not liable.

So, although there be negligence in the defendant, enough to warrant a recovery if there were no fault on the side of the plaintiff, yet the plaintiff can not recover, if the injury were really the result, in part, of "the blind violence of his animal, acting without guidance or discretion." *Davis* v. *Inhabitants of Dudley*, 4 Allen, 557; *Titus* v. *Inhabitants of Northbridge*, 97 Mass. 258.

The principle is, that, where a duty imposed is manifestly intended for the protection of individuals, the law will give a remedy; but nobody is bound to protect a man against his own fault or against the wild and breachy action of his own domestic animals. There was no negligence in this case which was the proximate cause of the injury. The animal ruined herself by a wild and vicious effort to overleap a fence sufficient to confine any ordinary animal of the horse kind.

The verdict was not sustained by sufficient evidence, and was contrary to law. The motion for a new trial ought to have been granted, and the judgment below ought to be reversed.

Eltzroth *et al. v.* Voris.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things reversed, at the costs of the appellee.

## ON PETITION FOR A REHEARING.

BICKNELL, C.—This petition claims that there was some evidence tending to show negligence in the city, and therefore tending to sustain the verdict of the jury; and that, under such circumstances, the verdict ought not to be disturbed. But the negligence, which creates liability, is negligence contributing to the injury; and of this sort of negligence there was, at the trial of this case, no evidence whatever.

When a pound fence, intended to confine horses and cattle, is proved to be sufficient for its purpose, by two competent and credible witnesses, and no testimony is introduced to the contrary, that proof settles the question as to the sufficiency of such fence; and the mere fact that a mare, confined in such pound, and properly cared for there, kills herself by rushing against such a fence, or by kicking against it, or by trying to clear it in leaping, does not impugn the testimony of those witnesses, and has no tendency to prove insufficiency in the fence.

The petition for a rehearing ought to be overruled.

PER CURIAM.—Petition overruled.