No. 8920.

STRONG ET AL. *v.* TAYLOR SCHOOL TOWNSHIP ET AL.

FRAUDULENT CONVEYANCE.—*Joinder of Parties.—Judgment Creditors.—Practice.*—Several judgment creditors may join in an action to set aside conveyances made by their debtor to hinder, delay and defraud them.

SAME.—*Decedents' Estates.—Administrator of Surety.—Bond.—Principal and Surety.*—The administrator of a deceased surety on an official bond may join in an action to set aside a fraudulent conveyance of his intestate's principal without having paid any money for him.

SAME.—In such case he has an equitable right to have the property of the principal exhausted before resort is had to the estate of the surety represented by him.

SAME.—*Practice.—Causes of Action.—Complaint.—Separate Paragraphs.*—The fact, that a complaint seeks to set aside two or more conveyances as fraud-

ulent, does not require that each conveyance shall be made the cause of action of a separate paragraph. They constitute but one cause of action, the fraudulent disposition of his property by the judgment debtor.

·SAME.— *Venire de Novo.— Verdict.*—In such case, where the general verdict is for the plaintiffs and specifies the amount due each, finds that their judgments were liens on the debtor's real estate, and that his conveyances thereof were fraudulent, no ambiguity, uncertainty or repugnancy, requiring a *venire de novo*, appears.

SPECIAL VERDICT.—*General Verdict.—Practice.*—A specific verdict returned without the request of either party for a special verdict, or for answers to interrogatories, can be regarded as a general verdict only.

SUPREME COURT.—*Practice.— Demurrer.—Misjoinder of Causes of Action.— Complaint.—Refusal to Strike Out*—The Supreme Court will not reverse a judgment for error in sustaining or overruling a demurrer for misjoinder of causes of action, or refusing to strike out parts of the complaint.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager,* for appellants.

*L. Jordan, W. T. Jones, S. J. Wright, W. N. Tracewell* and *R. J. Tracewell,* for appellees.

FRANKLIN, C.—Appellees, Taylor School Township and ·Taylor Township of Harrison County, Indiana, Daniel Flana_gan, administrator of the estate of William S. Flanagan, deceased, Bella C. Kent, and Margaret Brown, administratrix of the estate of Thompson Brown, deceased, sued appellants, Thomas Strong, Sarah E. Zenor, Ellen Carter and Francis ·Carter, to set aside certain alleged fraudulent conveyances of real estate made by said Strong to said Sarah E. Zenor and Ellen Carter. The complaint originally embraced other parties plaintiffs, but the cause of action as to them was subsequently dismissed. The complaint as it was originally filed was in the name of the State, *ex rel.* The Trustee of the Township, and did not include the name of Flanagan's administrator. On leave of the court, over the objections of appellants, the complaint was amended by making new parties plaintiffs, and inserting the names of the School Township, Civil Township, and Flanagan, administrator of Flanagan's estate.

Appellants moved to strike out of the amended complaint

the names of the new parties plaintiffs, and all parts of the complaint in relation to their causes of action, which was overruled by the court.

A demurrer to the amended complaint was overruled, and appellants moved that plaintiffs be required to paragraph their complaint, which was also overruled.

Appellants then moved the court to strike out of the complaint all the parts in relation to the separate deeds made to Sarah E. Zenor and Ellen Carter, which was also overruled.

Appellants then answered separately in two paragraphs: 1st, a denial; 2d, specially.

Trial by jury. Verdict for appellees.

Motion for a *venire de novo*, separate motions for a new trial, and a motion to modify the judgment, overruled, to all of which rulings proper exceptions were reserved, and alleged errors have been assigned in this court upon each of said rulings.

The first and second alleged errors may be considered together, as the objections to the amendment making new parties plaintiffs, and the motion to strike out all in relation to the amendment, present the same questions.

As to the township, this suit was commenced in the same name that a former suit upon the bond of appellant Strong, as former trustee of the township, had been prosecuted to judgment. While it was proper to prosecute that suit upon the bond in the name of the State, *ex rel.*, etc., it is not proper to prosecute this suit in that name. But the amendment did not change the real cause of action. The gist of the cause of action was to set aside certain alleged fraudulent conveyances, and not for the purpose of obtaining judgments upon plaintiffs' several claims. That had already been done. It would not affect appellants' rights whether two or ten judgment plaintiffs united in the prosecution of this action. The plaintiffs who were properly in would have better reasons for objecting to others coming in, than appellants could possibly have. But the parties themselves desiring to become plaintiffs, having a unity of interests in the objects of suit, upon

petition, would have a right to be admitted as co-plaintiffs. And if they are admitted by the court upon the motion of the plaintiffs, we see no sufficient grounds for the objection and motions of appellants.    There was no error in overruling them.    In the case of *Robbins* v. *The Sand Creek Turnpike Co.*, 34 Ind. 461, the court quoted the following language approvingly:  "Several persons having a common interest arising out of the same transaction or subject of litigation, though their interests be separate, may join in one suit for equitable relief, provided their interests be not adverse or conflicting.    *   *   *   And several judgment creditors, holding different judgments, may unite in filing a creditors' bill to reach the equitable interests and choses in action of the debtor, or to obtain the aid of the court to enforce their liens at law."

And in the case of *Powell* v. *Spaulding*, 3 Greene, Iowa, 443, 461, the doctrine is laid down to be, that "where there is unity in interest, as to the object to be obtained by the bill, the parties seeking redress in chancery, may join in the same complaint and maintain their action together."

The third and fourth alleged errors were the overruling of appellants' demurrers to the complaint.    These demurrers were for two causes, want of sufficient facts and misjoinder of causes of action.

The objection to the complaint under the first cause is, that there is a misjoinder of parties plaintiffs as to Brown's administratrix; that in the complaint there was no cause of action shown as to her; that although Brown had been one of the sureties for Strong, on his bond as trustee, and for Strong's default as such trustee a claim had been allowed against Brown's estate for $4,317.68, yet she had paid nothing on said claim, and as the representative of such surety she could not bring an action until she had paid something.    It may be somewhat questionable in this class of cases, whether the demurrer in this form properly raises this question.    In Story's Equity Pleading, section 509, it is said that a demurrer reaches too many parties plaintiffs.    In the case of *Berk-*

*shire* v. *Shultz*, 25 Ind. 523, it was held that the fourth statutory cause for demurrer, a defect of parties, plaintiff or defendant, only applies to too few parties; and, where there are too many defendants, the ones against whom no cause of action is shown can take advantage of it by demurring separately for that cause. But if there are too many plaintiffs, that objection can be raised by demurring generally for the fifth cause, the want of sufficient facts, without making a specific application of it to the plaintiff in whom no cause of action is shown to exist, and the remedy is to strike his name out of the complaint, or amend so as to show a cause of action in him. So, whatever reasons might exist for making the rule applicable to too many plaintiffs, similar to the one adopted for too many defendants, it appears to be otherwise settled by this court. But we think the rule thus adopted should not be made to extend beyond that class of cases where the plaintiffs jointly sue upon a joint cause of action, and in this class of cases, where the plaintiffs jointly sue upon separate causes of action, having a unity of interests in the object or purpose of the suit, those who have a good cause of action ought to be permitted to prosecute their suit without being subjected to a demurrer for the want of sufficient facts. Be this as it may, let us see whether the facts alleged are sufficient for the administratrix to maintain this suit. As the representative of the surety she could not maintain an action against the principal for the recovery of money, unless some had been paid for him. But she was not seeking to recover money in this case; she was only seeking to make the property of the principal pay his debts, for a part of which she, as such representative, stood liable. She had an equitable right to have the property of the principal exhausted before resort was had to the estate of the surety, which she represented.

In the case of *Gunel* v. *Cue*, 72 Ind. 34, this court held that a surety holding an indemnifying mortgage, after the maturity of the debt, if the mortgage contained a stipulation for the mortgagor to pay the money, could foreclose the mortgage

without having paid anything, and could recover damages for probable loss.

We think there are strong equitable reasons why this administratrix should have the right to make the principal's property pay his indebtedness, in order to save the estate harmless which she represented. But without deciding this question, if the overruling of this demurrer for this cause was error, it was a harmless one, for the jury made no finding as to this plaintiff; there was no evidence in the case in relation to her cause of action, and the court gave no judgment in relation to her. Appellants were not injured by her having been made a plaintiff.

As to the other cause of demurrer, a misjoinder of causes of action, we think there was no misjoinder of causes of action. Story in his Equity Pleadings, section 286, says: "In such a case (it is said) the fraud equally affects all the plaintiffs, and they may jointly sue; and all the defendants are implicated in it in different degrees and proportions, and therefore are properly liable to be jointly sued." See also section 537. But the 52d section of the code provides, that "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." And the same has been the ruling of this court. See the cases of *Marsh* v. *Edwards*, 11 Ind. 129; *President, etc.,* v. *Brinkmeyer*, 12 Ind. 349; *Burrows* v. *Holderman*, 31 Ind. 412; *Clark* v. *Lineberger*, 44 Ind. 223.

But this question being clearly settled by the statute, it is unnecessary to discuss it further. There was no available error in overruling the demurrer to the complaint.

The fifth alleged error is the overruling of appellants' motions to paragraph the complaint, so as to set out each one of the alleged conveyances in a separate paragraph.

There were two separate conveyances made on the same day, May 15th, 1876, to Sarah E. Zenor and Ellen Carter, conveying to each an undivided half of the same property; and one conveyance July 28th, 1876, to them jointly for another

portion of real estate. These conveyances all constitute one cause of action, the fraudulent disposition of his property by the judgment debtor. They each constitute a part of the general purpose and action to hinder, delay and defraud creditors. See authorities heretofore referred to upon the ruling on the demurrer.

There was no error in overruling the motion to paragraph the complaint.

The sixth and seventh errors assigned are, the overruling of the separate motions of Mrs. Zenor and Carter to strike out of the complaint all in relation to the separate deeds made to them, for the reason that neither of them constituted a joint cause of action against both of them.

We think these two deeds constituted but one transaction, and made a joint cause of action against both of said appellants. And this court has repeatedly held that a judgment will not be reversed for the refusal of the court below to strike out parts of the complaint. *The City of Greencastle* v. *Martin,* 74 Ind. 449; *Hon* v. *Hon,* 70 Ind. 135; *Brinkmeyer* v. *Helbling,* 57 Ind. 435.

The eighth alleged error is the overruling of the separate motions for a *venire de novo.*

Appellants object to the overruling of these motions for the following reasons: That the verdict of the jury does not find that the deeds were made with intent to hinder, delay or defraud Strong's creditors, or appellees; that they were without consideration; that appellants had notice of the fraudulent intent of the grantor; and does not find for or against appellants on the second paragraphs of their answers.

The verdict of the jury is as follows:

"We, the jury, find for the plaintiffs; that Taylor School Township has a judgment against Thomas Strong, defendant, for the sum of $3,817.83, rendered by the Harrison Circuit Court on the 13th day of June, 1877; that Taylor Township has a judgment against said defendant Thomas Strong, rendered by the same court at the same time, for the sum of

$436.18; that Bella C. Kent has a judgment rendered by said Harrison Circuit Court against said defendant Thomas Strong, on the 15th day of March, 1877, for the sum of $662.93; that William S. Flanagan has two judgments rendered by the said Harrison Circuit Court against said defendant Thomas Strong, on the 4th day of September, 1877; that since the rendition of said judgments the said William S. Flanagan has departed this life, and that the plaintiff Daniel Flanagan, administrator of the estate of the said William S. Flanagan, was duly appointed his administrator, said judgments, when rendered, being for the sum of $1,145 and $100.70, respectively; that the judgments rendered above, in favor of plaintiffs and against said defendant Thomas Strong, are liens, and were from the date of their rendition, on the real estate mentioned and described in plaintiffs' complaint; and that the deeds of conveyance mentioned in said complaint, made by the said Thomas Strong to the said Ellen Carter, Sarah E. Zenor, and Sarah E. Zenor and Ellen Carter are fraudulent and void as against the said plaintiffs named as aforesaid, and ought to be set aside."

There was no request made that the jury should return a special verdict, and no interrogatories asked for the jury to answer, in the event they returned a general verdict. And, while the verdict may be more specific than necessary, it can only be regarded as a general finding in favor of the plaintiffs named in the verdict.

If appellants desired a more specific finding, they could have requested a special verdict or asked interrogatories to be answered should they return a special verdict. Appellants, not having taken either of these steps, do not occupy a position to be favorably heard in their complaints as stated in their motions.

We see no ambiguity, uncertainty or repugnancy in the verdict, that would prevent the court from rendering the proper judgment upon it, or rendering it necessary that a *venire de novo* should have been granted. There was no error in overruling these motions.

Appellants' counsel next present the twelfth specification in the assignment of errors, which is, that the court erred in overruling their motions to modify the judgment so as not to render any judgment against appellants Ellen Zenor and Sarah E. Carter as to the said first two deeds. These two deeds covered the most valuable portions of the property, worth some $14,000; and if the motion had been sustained there would have been left only about $600 worth of Strong's property with which to pay his indebtedness to plaintiffs.

We see no good reasons why the court ought to have sustained said motions. There was no error in overruling them.

The remaining errors complained of were the overruling of appellants' joint and separate motions for a new trial.

The first reason for a new trial is waived by the instructions not being in the record.

The second, third and fourth reasons embrace questions that have heretofore been disposed of upon the rulings on the motions and pleadings.

The remaining reasons for a new trial were in relation to the evidence not supporting the verdict.

We have examined the testimony carefully, and while it shows some strong equitable reasons why Mr. Strong should have done something for his daughters, we do not think it justified him in conveying nearly all of his real estate to them without leaving property enough to pay his indebtedness.

The daughter, Sarah, had lived upon the farm some twenty years; she and her husband had worked upon the farm for that length of time, had raised and educated a family of six children, and built a house out of and with the proceeds of the farm. The daughter, Ellen, had lived with the father on the farm for some years after the death of her husband, and the father had had the use of some $1,100 of her money that she had received from her husband's estate. The daughters testified that their father had some years before promised to deed the farm to them.

The evidence further shows that about a week before the said first two deeds were made, without the knowledge of the daughters, the father caused to be conveyed to them, valuable mill property in the State of Kentucky, that had been sold at a sheriff's sale for over $1,700; that, without any agreement or contract with the daughters in relation to the subject, he deeded the home farm to them as contained in the first two named deeds, for the nominal consideration of $11,-000; that he made the last named deed to them for the remainder of his real estate in that county, without their knowing anything about it; that he also transferred to them some choses in action, value not shown; that at the time these conveyances and transfers were made the plaintiffs' said indebtedness existed, amounting to over $6,000; that at said time he owned, in addition to the property so conveyed and transferred, two houses in New Albany, Ind., one worth some $3,500, with a mortgage upon it of $1,200, the other worth about $1,000.

We think this evidence justified the jury in finding that it was the intention of Strong to cheat, hinder, delay and defraud his creditors. And it is not reasonable to suppose that his daughters, under the circumstances, were entirely ignorant of the facts, and the testimony tends strongly to prove that the conveyances were voluntary and without consideration.

The evidence supports the verdict of the jury; and the verdict is not contrary to law. There was no error in overruling the motions for a new trial.

We find no available error in this record. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.