No. 8776.

CITY OF LAFAYETTE v. ALLEN.

NEGLIGENCE.—*City.*—*Complaint.*—*Knowledge of Defective Machinery.*—*Personal Injury.*—Complaint by an employee against a city for personal injury, averring that the injuries resulted from defects in a fire engine of which he had charge, which were known to the defendant and unknown to the plaintiff. It was objected on demurrer that it should have been alleged that the defects were known to some proper officer of the city. *Held,* that the objection was insufficient.

SPECIAL VERDICT.— *Venire de novo.*—*Practice.*—No finding should be made in a special verdict as to facts upon which there was no evidence, but an issue on which no facts are found should be regarded as not proved by the party having the burden of that issue, and silence as to such issue is not ground for a *venire de novo.*

SAME.—*New Trial.*—If a special verdict ought to have found facts which are not found, the remedy is by motion for a new trial, on the ground that the verdict is contrary to law.

From the Tippecanoe Circuit Court.

*J. A. Stein, R. P. Davidson* and *J. C. Davidson,* for appellant.

*R. P. DeHart, J. R. Coffroth* and *T. A. Stuart,* for appellee.

BICKNELL, C. C.—This was an action by the appellee against the appellant, to recover damages for personal injuries.

The complaint avers that the appellant employed the appellee as an engineer, and put him to work upon one of her steam engines, which was old, worn-out, defective, and dangerous, and was known to be such by the appellant; that the appellee went to work with the engine, pumping up water for the appellant's water pipes, without knowledge of any defect in the engine, and without any fault on his part, and was badly burned and crippled for life, by the bursting of the boiler, which happened in consequence of the said defective, worn-out and dangerous condition of the engine.

A demurrer to this complaint, for want of facts sufficient, etc., was overruled, and this is one of the errors assigned by the appellant.

The principal objection made to the complaint is, that the appellant, being a corporation, could not have any knowledge except by its servants or agents, and that the complaint ought to have averred knowledge of the defective condition of the engine, by some proper officer or agent of the corporation. No authority is cited in support of this proposition, and none can be found. The complaint was sufficient; there was no error in overruling the demurrer to it; the knowledge of the appellant, and the absence of all fault in the appellee, were sufficiently averred. *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261.

A general denial was the answer filed; the issue was tried by a jury, who returned the following special verdict:

" We, the jury, having been required to find a special verdict, do find the facts in said cause as follows:

" 1. The defendant is now, and has been for years, a municipal corporation, organized under the act of the Legislature, passed March 14th, 1867, entitled an act to provide for the incorporation of cities, etc.

" 2. The defendant had a fire department prior to 1873, under the control of a chief engineer, appointed by the defendant, and all the workmen in that department were under the control of said chief engineer; Woodward Porter was chief engineer from May, 1873, to May, 1875, and ever since the last date, George W. Kensinger has been chief engineer.

" 3. On May 13th, 1879, the plaintiff was employed by defendant as engineer of steam fire engine 'Lafayette, No. 1,' kept at the Ninth street engine-house, and for twenty years had been a competent, skilful, careful and efficient engineer, well trained and skilled in the management, use and operation of steam machinery.

" 4. On May 26th, 1879, defendant owned two steam engines, the 'Lafayette, No. 1,' bought in 1876, and the 'Tippecanoe, No. 2,' bought in 1865; the latter was kept at the Columbia street engine-house, and had been kept there since the purchase of the other engine, and was only used occasionally; for ten months before the explosion it had been used

only once, and then it blew out a flue, and the steam-gauge was out of order, and would not properly measure the steam. These facts, long before the explosion, were known by the chief engineer; on said 26th of May, 1879, the boiler of steam engine No. 2 was old, weak, rusted, defective and dangerous, and its steam-gauge would not accurately indicate the amount and pressure of steam, and all this had been communicated to said Woodward Porter, chief engineer, in his time, and also to said George W. Kensinger, his successor, and also to several members of defendant's common council, and both Porter and Kensinger had knowledge of said defects, long prior to said May 26th, 1879.

" 5th. For more than a year before the explosion, the common council of defendant knew that said boiler was old, worn and unsafe.

" 6th. Said common council knew that said engine No. 2 was kept for use, and was used by the chief engineer, as occasion might require, up to and including the time of said explosion.

" 7th. Said defendant did not cause any examination or inspection of said boiler to be made for several years prior to said explosion.

" 8th. The plaintiff knew nothing of the condition of said steam engine, boiler or gauge, and had never used the engine before.

" 9th. At 5 : 30 o'clock P. M., of said May 26th, the plaintiff was ordered by said chief engineer to take said engine and pump water from a cistern into defendant's water pipes; the engine was brought to the cistern under the direction of the chief engineer, who came with it, and ordered the fire to be lighted; that the plaintiff supposed the engine to be all right and fit for use, and knew nothing of its dangerous condition, and under the order of said chief engineer did, in a careful and skilful manner, and without any fault or negligence on his part, or on the part of his co-servant Taylor, begin to run said engine; that he soon saw that by the indication of the steam-

gauge, there was not enough steam made, and on examination discovered that the attachments to the lever of the safety valve were so out of repair, that the steam was escaping from the safety valve; that the gauge then indicated twenty-two and a half pounds pressure, and while plaintiff was trying to fix said attachments, without any fault or negligence of him or his co-servant contributing thereto, said boiler blew up, in consequence of the old, weak, worn and dangerous condition of the same.

"10th. By said explosion, the plaintiff was badly injured; three of his ribs were broken; he was badly burned, scalded, bruised, and injured in his eyes, and on his ears, face, legs, arms and hands, so that he will not for a long time, if ever, recover from the said injuries; his nervous system was greatly shocked, and his eyesight and hearing impaired; he suffered great pain, and his recovery for a long time was considered doubtful; he has been unable since to do any work; prior to that time he could and did earn about $100 a month, which is what men of his skill and experience usually earn in his occupation.

"11th. He incurred liability in procuring the services of a physician in attempting the cure of his injuries in the sum of $100.

"Upon these facts, if the law is with the plaintiff, we find for the plaintiff and assess his damages at $3,800; and if the law is with the defendant we find for the defendant."

The appellant moved for a *venire de novo*, because said verdict does not fully state the facts within the issue, and because the jury failed to find the following facts which were fully and fairly within the evidence and were material to the issue to wit, etc.: (The statement of the facts in said motion for a *venire* need not be here repeated.) This motion was overruled, and such overruling is one of the errors assigned by the appellant, but the court committed no error therein. The facts, to be stated in a special verdict, are those proven on the trial; if there were issues on which no evidence was offered, no finding should be made upon them, and issues on which no facts are found should be regarded as not proved by the party

on whom the burden lay of proving such issues. It is not the office of a special verdict to find expressly upon the issues, but to find the facts proven within the issues; therefore, if the special verdict is silent as to any fact or issue, such silence is not an omission apparent on the record which can be ground for granting a *venire de novo*. If the verdict ought to have found facts which are not found, the remedy is by motion for a new trial, on the ground that the verdict is contrary to law. *Ex Parte Walls*, 73 Ind. 95; *Graham* v. *The State, ex rel.*, 66 Ind. 386; *Martin* v. *Cauble*, 72 Ind. 67; *Vannoy* v. *Duprez*, 72 Ind. 26; *Parker* v. *Hubble*, 75 Ind. 580.

The appellant then moved for a new trial for the following reasons:

1. The verdict is not sustained by sufficient evidence and is contrary to the evidence.

2. The verdict of the jury is contrary to law.

3. Errors of law occurring at the trial and excepted to by appellant, embracing twenty-three specifications.

The overruling of this motion is also assigned as error; but there is no discussion of this matter in the appellant's brief; all that the appellant says is this: " We ask especial attention to the errors of law committed in overruling said motion." There are two other assignments of error which are not argued, namely, the second, which relies on the overruling of appellant's motion that the court require the jury to consider further the verdict and find more fully the facts, and the fifth, which relies on the overruling of the appellant's motion in arrest of judgment. Errors assigned but not argued are regarded as waived. *Payne* v. *McClain*, 7 Ind. 139; *The City of Greencastle* v. *Martin*, 74 Ind. 449.

All the other errors assigned have already been considered; there is no available error in the record. The judgment of the court below ought to be affirmed.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.