PETERSON v. CITY OF WILMINGTON.

(Filed March 18, 1902.)

MUNICIPAL CORPORATIONS—*Towns and Cities—Fire Department—Negligence.*

An employe of the fire department of a city can not recover for injuries sustained by him while in its service.

DOUGLAS, J., dissenting.

ACTION by H. L. Peterson against the City of Wilmington, heard by *Judge W. A. Hoke,* at April Term, 1901, of the Superior Court of NEW HANOVER County. From a judgment of nonsuit, the plaintiff appealed.

*L. V. Grady,* and *Slevens, Beasley & Weeks,* for the plaintiff.

*Meares & Ruark,* for the defendant.

MONTGOMERY, J.    The plaintiff sustained injuries to his person while in the service of the fire department of the defendant, the city of Wilmington, and brought this action for the recovery of damages.    The charge on which the recovery is sought is that the defendant permitted, knowingly, a hose-reel belonging to its fire department to be and remain in an unsafe and dangerous condition, and that on a sudden emergency, the breaking out of a fire, the chief of the fire department ordered the plaintiff to mount the reel and repair to the scene of the fire, and the plaintiff, in obeying this order, was hurt by a fall caused by the collapse of the reel.

After the plaintiff had introduced his evidence, the defendant demurred *ore tenus*, and the Court sustained the demurrer.

The defendant is empowered by its charter, in order to more effectually provide against damage and danger from fire, to establish and regulate a fire department, and the question to be determined is this: Are the powers and duties enjoined upon that department, and upon the defendant as to its formation and regulation for the extinguishment of fires, public and governmental, or, are they merely private and municipal?    If they are of the former character—for the general good—the defendant is not liable for either its own tort or negligence, or the negligence or tort of its officers or agents, unless there is some constitutional or legislative enactment which subjects it to liability therefor; and it is not contended by the plaintiff that there is any such enactment applicable to this case.    If, however, the defendant was acting for its own benefit, and purely under its corporate or municipal powers, then, in case of negligence on its part, liability would ensue.    *Moffitt v. Asheville,* 103 N. C., 237, 14 Am. St. Rep., 810; *Pritchard v. Commissioners,* 126 N. C., 908, 78 Am. St. Rep., 679.

We have no decided case in our Reports upon the particu-
lar question whether or not the laws governing the establish-
ment and regulation of fire departments under the charter
privileges and rights of our cities and towns, and the acts of
those charged with the performance of those rights and duties,
are legislative and governmental, or merely corporate and
municipal. But in our investigation we have found numer-
ous decisions on the subject in the Courts of other States.
The great weight of authority is to the effect that such duties
and powers are legislative and governmental. Some of them
are the following: *Jewett v. New Haven,* 38 Conn., 368, 9
Am. Rep., 382; *Fisher v. Boston,* 104 Mass., 87, 6 Am. Rep.,
196; *Wild v. Mayor of City of Patterson,* 47 N. J. Law, 406;
*Mayor v. Workman,* 67 Fed. Rep., 347; *Howard v. San Fran-
cisco,* 51 Cal., 52. In fact, we found none to the contrary.
Upon examination of the one alleged to be to that effect (*La-
Fayette v. Allen,* 81 Ind., 166, cited by plaintiff's counsel),
it is found to be irrelevant. The engine, there, was a fire-
engine, but, at the time of the injury of the plaintiff by its
explosion, it was not being used in the extinguishment of fire,
but for the purpose of pumping water for ordinary city pur-
poses. It is to be remarked, however, that nearly all the
cases examined by us were actions brought by persons other
than employes of the fire department. But that does not
alter the principle. If the powers and duties be legislative
and governmental, the city governments are neither liable for
their own negligence nor for the negligence of their agents
or officers to any one, stranger or employee.

After mature reflection, we think his Honor was correct in
his ruling.

No Error.

PETERSON v. WILMINGTON.

DOUGLAS, J., dissenting.   I can not concur in the opinion of the Court that there is no difference between a municipal employe and the general public.   I do not see how the management of the fire department is in any  sense a legislative duty; but, admitting that it is governmental in its general nature, I do not think that the rule can be made to apply to the case at bar.   Here, the relations between the plaintiff and the defendant were contractural, being those of servant and master.   When the chief of the fire department ordered the plaintiff to mount the reel and repair to the scene of the fire, he was treating him as an employe of the city, and not as a citizen.   I do not suppose that such an officer would claim the right to order any citizen he might see fit to mount a hose-cart or climb a ladder, while he would not hesitate to do so where one had expressly agreed to perform such duties. The fact that the defendant was a volunteer fireman, if it is a fact, would not alter the case.   It would only give him the greater moral right to demand that the city should exercise reasonable care to furnish him with safe appliances for the performance of his arduous and dangerous duties.   If he is willing to risk his life, without compensation, purely for the good of his fellow-men, he may surely ask that his danger shall not be unnecessarily increased by the negligence or parsimony of a municipal corporation.