MRS. LILLIE B. PLEASANTS v. CITY OF GREENSBORO.

(Filed 10 November, 1926.)

**Municipal Corporations—Government—Negligence.**

A city acting in a purely governmental capacity through its agents, is not liable in damages for an injury negligently inflicted by its agent, unless right to recover therefor is expressly or impliedly given under legislative authority.

APPEAL by plaintiff from *Webb, J.,* at August Term, 1926, of GUILFORD. Affirmed.

*Frazier & Frazier for plaintiff.*
*Robert Moseley for defendant.*

PER CURIAM. Plaintiff contends that the sole question involved in this action: Where a municipal corporation uses a building owned by it for governmental purposes and also for rent and profit in its private and corporate capacity, does the fact that it is partly used for governmental purposes relieve it from liability where there is negligence with respect to the use of the same building in its private and corporate capacity? This contention, from a careful perusal of the complaint, we do not think is sufficiently shown. The allegations of the complaint, taken in the light most favorable to plaintiff, and giving her the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom, to which she is entitled, we think show that the injury complained of comes under defendant's use of the building in its governmental capacity.

We think the principle applicable to this case is settled by what is said in *Scales v. Winston-Salem,* 189 N. C., p. 470: " 'Unless a right of action is given by statute, municipal corporations may not be held civilly liable to individuals for "neglect to perform or negligence in performing" duties which are governmental in their nature, and including generally all duties existent or imposed upon them by law solely for the public benefit.' Municipal Corporations, sec. 2623; *Hill v. Charlotte,* 72 N. C.,

55; *Moffitt v. Asheville,* 103 N. C., 237; *McIlhenney v. Wilmington,* 127 N. C., 146; *Peterson v. Wilmington,* 130 N. C., 76; *Fisher v. New Bern,* 140 N. C., 506; *Harrington v. Greenville,* 159 N. C., 632."

When it is acting in its business or private and corporate capacity, as in operating a water or light plant or other business function, it is liable for the conduct of its agents and servants to the same extent that any other business corporation would be liable under the same circumstances. *Munick v. Durham,* 181 N. C., 195.

The plaintiff in her brief says: "The doctrine of immunity of the municipality as to its torts when exercising certain functions is being questioned as the law progresses. 'There is no logic in holding to this relic of the days of the divine right of kings. The immunity of a sovereign from suit rests upon no formal conception or absolute theory, but on the logical and practical ground that there can be no legal right against the authority that makes the law on which that right depends.' 'Viewed from the practical standpoint of ordinary fairness, there is no valid reason why a municipality which has been guilty of an act for which a private corporation would be liable, should not be required to compensate the injured party.' North Carolina Law Review, Vol. 4 (June, 1926), No. 3, pages 138 and 139."

The distinction between the municipal agencies herein made has been long the settled law of this State, although the line of demarcation sometimes is not easily drawn. The people of the State—the sovereign—(unless restricted by constitutional limitation) through the legislative branch of the State government, can by statute give the right of action, but we are here following a long line of unbroken decisions. The demurrer must be sustained.

The judgment of the court below is
Affirmed.