#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1879, IN THE SIXTY-FOURTH YEAR OF THE STATE.

---

## MAYER ET AL. *v.* GROTTENDICK.

MORTGAGE.—*Indemnity.*—*Renewal of Note without Assent of Mortgagor.*— *Consideration.*—In an action by the mortgagee, against the widow and. heirs of the mortgagor, to foreclose a mortgage upon real estate, executed to indemnify the mortgagee as surety on a promissory note executed by a third person, wherein the complaint alleges that such note had been renewed from time to time by the execution of new notes, it is not necessary to allege that the mortgagor was alive at the time of, and assented to, such renewals. Nor need the complaint allege that there was a consideration for the execution of the mortgage.

SAME.—*Satisfaction and Release.*—Where, in an action to foreclose a mortgage, against heirs, a cross complaint sets up, as a prior lien, a prior mortgage, assigned to the cross complainant, it is a sufficient answer thereto to allege that the latter had paid off the mortgage debt, and that the mortgage had been released of record by the mortgagee.

SUPREME COURT.—*Record.*—*Assignment of Error.*—*Proof of Notice by Publication.*—Assignments of error, in the Supreme Court, questioning the sufficiency of the pleadings in the cause, and the sufficiency of the evidence to sustain the finding, present no question as to the failure of the record to show due proof of notice by publication to non-resident defendants.

From the Wayne Superior Court.

*H. B. Payne* and *C. H. Burchenal,* for appellants.

*I. B. Morris,* for appellee.

NIBLACK, J.—The complaint in this case was by William Grottendick, against Joseph Mayer, Elizabeth Mayer, Paul Mayer, Caroline Mayer, Barbara Muller, Mathias Muller, Elizabeth Zepf and Kasian Zepf, heirs at law of Alvis Mayer, deceased, to foreclose a mortgage executed by the decedent to the plaintiff.

The complaint was in three paragraphs.

The first paragraph alleged the making of a note by the said Joseph Mayer and the said Alvis Mayer, and the excution by the said Alvis of a mortgage on certain real estate to secure the payment of said note; also the non-payment of the note and the death of the said Alvis, asking judgment upon the note and the foreclosure of the mortgage.

The second paragraph alleged that the said Joseph Mayer, in March, 1872, borrowed of Squire L. Hittle, the sum of five hundred dollars for one year, and gave his note therefor, with the plaintiff as surety thereon; that, at maturity of the note, the said Joseph desired to renew it for another year, but the plaintiff refused to continue as surety unless he was in some way indemnified; that thereupon the said Joseph and the said Alvis, for the purpose of securing the plaintiff against loss, executed to him the note set out in the complaint for the sum of five hundred dollars, under the date of September 13th, 1873, payable three months after date, with attorney's fees and ten per cent. interest, Joseph signing such note as principal and Alvis as surety; that afterward, on the same day, the said Alvis executed said mortgage the better to secure the payment of the note lastly above named; that afterward the plaintiff renewed said first mentioned note, and continued as surety thereon until the 15th day of December, 1874, when he again, with the said Joseph, renewed said

Mayer *et al. v.* Grottendick.

first mentioned note and continued to stand as surety for said Joseph; that since the last renewal of the first mentioned note, as above stated, the said Hittle had died, and the note so again renewed went into the hands of Anna C. Hittle and Omar L. Hittle, who sued on the same and recovered judgment thereon, which judgment the plaintiff was compelled to pay, and did pay, in full of principal, interest and costs, amounting to six hundred and eight dollars, concluding with an allegation of the death of the said Alvis, and praying for the foreclosure of the mortgage for the repayment of the amount so paid by the plaintiff as surety for the said Joseph Mayer.

The third paragraph was similar to the second, except that the facts were set out more in detail and with greater precision.

The defendants Paul Mayer and Catharine Mayer, his wife, demurred separately to the second and third paragraphs of the complaint, but their demurrer was overruled. They then answered in several paragraphs, upon which issues were joined.

The said Paul also filed a cross complaint against the plaintiff and his codefendants, alleging, amongst other things, that the said Alvis had executed a prior mortgage upon the mortgaged lands to one Elizabeth Starr, to secure a series of notes given to secure the purchase-money for said lands, and that the last two of such notes, upon which the aggregate sum of two hundred dollars was due, remained unpaid at the time of the death of the said Alvis; that said last two notes had been, since the death of the said Alvis, assigned by endorsement in writing, and transferred to him, said Paul. Wherefore he prayed a foreclosure of the mortgage given to secure said notes so endorsed and transferred to him.

The plaintiff answered the cross complaint:

1. In general denial;

2.   That, at the death of the said Alvis, the mortgaged premises descended to the said Paul and others, naming them, as his heirs at law ; that, long after the death of the said Alvis, the said Paul paid the two notes given for the purchase-money and remaining due, and took receipts in full, endorsed on said notes; that afterward the said Elizabeth Starr entered satisfaction of the mortgage executed to secure said notes upon the record of such mortgage, and that the mortgaged premises would not sell for enough to satisfy both mortgages.

Paul demurred to the second paragraph of the plaintiff's answer to the cross complaint, and the court overruled his demurrer.

Issue being joined, the court, to which the cause was submitted for trial, found that there was due the plaintiff, under his mortgage, the sum of six hundred and nineteen dollars and thirty-five cents, and to the said Paul, upon the mortgage and other matters set up in his cross complaint, the sum of three hundred and eighty-eight dollars and sixty-one cents ; that the sum found to be due to the plaintiff should have a priority of lien upon the mortgaged premises, over the amount found in favor of the said Paul, and, over motions for a new trial interposed, first by the said Paul and Caroline, and afterward by the said Paul alone, judgment was rendered, and a decree of foreclosure entered, in accordance with the findings.

The defendants have appealed and raised questions in this court upon the sufficiency of the second and third paragraphs respectively of the complaint, the second paragraph of the plaintiff's answer to the cross complaint, and the evidence to sustain the findings.

It is insisted that the second paragraph of the complaint was defective for not averring that Alvis Mayer was alive and consented to the renewal of the note of Joseph Mayer and the plaintiff to Hittle, on the 15th day of December,

1874, but we think the position thus assumed can not be maintained.

"A mortgage given to indemnify an indorser or surety on a note is a continuing security for all renewals of such note until it is finally paid. So long as the liability continues, the security continues also." 1 Jones Mortgages, sec. 382. Alvis' assent, therefore, was not necessary to the renewal referred to, and it was hence immaterial whether he was living or dead at the time such renewal was made.

As an additional objection to the third paragraph of the complaint, it is contended that no sufficient consideration for the execution of the mortgage was shown. This objection is equally untenable.

"A liability to pay the debt of another, upon a subsisting contract, is sufficient consideration for a mortgage or pledge to the party thus liable ; and the validity of the transaction does not depend upon the comparative amount of the consideration and of the property conveyed." 2 Hilliard Mortgages, 366.

The renewal of a subsisting note and the consequent extension of time constitute, in any event, a sufficient consideration for a mortgage. *Gilchrist* v. *Gough*, 63 Ind. 576.

"Parol evidence is admissible to show the true character of a mortgage, and for what purpose and what consideration it was given. Although it be for a definite sum, and secures the payment of notes for definite amounts, it may be shown that the mortgage was simply one of indemnity." 1 Jones Mortgages, sec. 384.

The rules above laid down appear to us to fairly sustain the sufficiency of both the second and third paragraphs of the complaint.

Neither do we see any error in the decision of the court in overruling the demurrer to the second paragraph of the answer to the cross complaint.

That paragraph might have been obnoxious to the objection that it amounted only to an argumentative denial of the allegations which it purported to answer, but that objection, if it existed, was not reached by the demurrer.

A state of facts was set up by the paragraph inconsistent with the allegations of the cross complaint, and an issue was thus tendered upon the facts relied upon in the cross action. That was enough to make the paragraph substantially sufficient.

The objections urged to the evidence are all practically answered by what we have said, as above, upon the pleadings, and, as there seems to have been evidence reasonably tending to sustain the findings of the court complained of, we need not enter upon a general review of the evidence.

Some of the defendants below were non-residents of this State, and notice as to them was given by publication, proof of which the record informs us was made, but the notice and accompanying proof are not in the record. These non-resident defendants did not appear to the action, and it is claimed that, for want of this proof of publication in the record, the judgment must be reversed.

But none of the errors assigned raise any question upon the absence of such proof from the record. No question, therefore, arising upon the absence of such proof here, is presented for our consideration upon this appeal.

We see no error in the record as to which the appellants are in a condition to avail themselves.

The judgment is affirmed, at the costs of the appellants.