No. 7402.

GUNEL ET UX. *v.* CUE, ADM'R.

INDEMNIFYING MORTGAGE.—*Mortgagee's Right of Action.*—Where a mortgage, given to secure the mortgagee from loss by reason of his having become surety upon a promissory note, executed by one of the mortgagors, contains the stipulation that the mortgagors will "pay the sum of money above secured," a cause of action upon said mortgage accrues to the mortgagee upon failure of the maker to pay the note when it becomes due, without the mortgagee having first paid the note; and he can recover as damages actual compensation for his probable loss.

APPEARANCE.—*Withdrawal of.*—*Practice.*—Where a party files a demurrer to a complaint, and afterward withdraws his appearance, the demurrer is also thereby withdrawn; and thereafter such demurrer, and the ruling of the court thereon, constitute no proper part of the record of the cause.

From the Howard Circuit Court.

*N. R. Linsday* and *T. A. DeLand,* for appellants.
*J. F. Elliott* and *L. J. Kirkpatrick,* for appellee.

HOWK, J.—In this case the only question for the decision of this court is this: Does the appellee's complaint state facts sufficient to constitute a cause of action?

In his complaint the appellee alleged, in substance, that the appellants executed to said John Floyd, in his lifetime, a mortgage on certain real estate in Howard county, a copy

of which mortgage was filed with and made part of the complaint; that the mortgage was given to save and secure the said John Floyd from loss or expense by reason of his having signed a certain note, described in the mortgage; that the said note was sued upon, and judgment was obtained thereon against the estate of said John Floyd, deceased, in the Howard Circuit Court, on the 7th day of March, 1877, in the sum of eighty-one dollars and costs taxed at thirteen dollars and forty-five cents; that, on the trial of said cause, the appellant Mary J. Gunel, for whom said Floyd signed said note as surety, appeared and filed her answer therein, setting up her coverture at the time of the execution of said note, by reason of which said suit was dismissed as to her, and judgment therein was only obtained against the estate of said John Floyd, deceased; that the appellant Mary J. Gunel failed and refused to pay said judgment, and that the same remained in full force against the estate of said decedent; that the said estate was entirely solvent and would be compelled to pay said judgment; and that the said decedent's estate, by means of the premises, had been damaged in the sum of $94.45, and in the further sum of $25.00 as attorney's fees in the foreclosure of said mortgage, both which sums of money were due and wholly unpaid; and that the appellee had been duly appointed administrator of said decedent's estate. Wherefore, etc.

The mortgage in suit contains this stipulation: "This mortgage is made to save harmless and indemnify the said John Floyd from any damage, loss or expense incurred by him by reason of his having this day become surety for the said Mary Jane Gunel upon a note of even date herewith for seventy-five dollars, due December 25th, 1876, with interest at six per cent., payable to Eli Kantner, signed by said Mary J. Gunel and John Floyd, being the unpaid balance of the purchase-money for the above described real estate,

and the mortgagors expressly agree to pay the sum of money above secured without relief from valuation laws."

The appellants jointly demurred to appellee's complaint, for the following grounds of objection:

1. For a defect of parties defendants, in this: That Eli Kantner, to whom the amount sued for ultimately belonged, should have been made a party defendant; and,

2. That the complaint did not state sufficient facts to constitute a cause of action.

This demurrer was overruled by the court, and to this ruling the appellants excepted. Subsequently they withdrew their appearance in this action, and were each three times called and made default. Upon this default, the judgment was rendered for the appellee against the appellants, for the sum of $107.25 and costs, and for the foreclosure of the mortgage in suit, from which judgment this appeal is now prosecuted.

1. The decision of the circuit court, in overruling the appellants' demurrer to the complaint, is the first supposed error assigned by them on the record of this cause. But it is clear, we think, that this alleged error is not properly shown in the transcript before us. It will be seen from our statement of this case, that after the appellants had filed their demurrer, and after it had been overruled by the court, they withdrew their appearance in the action, and suffered a judgment by default to be rendered against them. By the withdrawal of their appearance, they also withdrew their demurrer to the complaint; and thereafter the demurrer and the ruling of the court thereon did not constitute any proper part of the record of this cause. Thus, in *Carver* v. *Williams*, 10 Ind. 267, this court said: "If a party appears to a suit and pleads, and then simply fails to appear at the trial, his pleadings stand. But if, after pleading, he comes and withdraws his appearance to the suit, which, by leave of the court, he may do, his pleadings go with his

appearance." *Sloan* v. *Wittbank*, 12 Ind. 444; *Smith* v. *Foster*, 59 Ind. 595; *Young* v. *Dickey*, 63 Ind. 31. The first alleged error, therefore, presents no question for the decision of this court, and no sufficient ground for the reversal of the judgment below.

2. But the appellants have also assigned, as error, the insufficiency of the facts stated in the complaint to constitute a cause of action. The appellants' counsel very earnestly insist that the appellee's complaint is insufficient, even after the finding and judgment of the court thereon, because it affirmatively appears therein, that neither the appellee nor his intestate, in his lifetime, had ever paid the note described in the mortgage in suit, or any part thereof, nor had ever incurred "any damage, loss or expense," by reason of the decedent having become surety for said Mary Jane Gunel upon the said note. In other words, the appellants' counsel claim, as we understand their position, that an action will not lie, and can not be maintained by the mortgagee, John Floyd, or his administrator, for the foreclosure of the mortgage sued upon, until and unless such mortgagee, or his personal representative, had actually incurred some damage, loss or expense, by reason of his suretyship on said note; and that, in such action, the plaintiff's complaint, which contained no averment of the incurrence of any damage, loss or expense, by reason of such suretyship, would be and was clearly insufficient, as a cause of action.

We are of the opinion that this position of counsel can not be maintained, either upon principle or by the weight of authority. There is one stipulation, in the mortgage in suit, which the attorneys on both sides have apparently overlooked; and that is, the express agreement of the mortgagors, in the close of the mortgage, "to pay the sum of money above secured." This was an agreement, as we construe it, on the part of the mortgagors, that they would pay the sum of money, according to the terms of the note described in the

mortgage; and when they failed, as they did, to pay the said note and the money evidenced thereby, when the same became due and payable by the terms of the note, a cause of action at once accrued to the mortgagee or his personal representative, to foreclose said mortgage and thereby enforce the payment of the note secured therein.

The case of *Loosemore* v. *Radford*, 9 M. & W. 657, is very similar to the case at bar. In the case cited, the defendant had covenanted with the plaintiff to pay a debt due from the defendant to a third party, for which debt the plaintiff was the defendant's surety. It appeared that the plaintiff had paid no part of the debt; but on the trial he obtained a verdict for the whole amount due the third party. On an application for a new trial, PARKE, B., said: "I think there ought to be no rule. This is an absolute and positive covenant by the defendant to pay a sum of money on a day certain. The money was not paid on that day, nor has it been paid since. Under these circumstances, I think the jury were warranted in giving the plaintiff the full amount of the money due upon the covenant. * * * The defendant may perhaps have an equity that the money he may pay to the plaintiff shall be applied in discharge of his debt: but at law the plaintiff is entitled to be placed in the same situation under this agreement, as if he had paid the money to the payees of the bill." The same doctrine has been recognized and acted upon in several of the courts of last resort in this country. *Thomas* v. *Allen*, 1 Hill, 145; *Gilbert* v. *Wiman*, 1 N. Y. 550; *Wilson* v. *Stilwell*, 9 Ohio St. 467.

In *Devol* v. *McIntosh*, 23 Ind. 529, which was a suit upon an indemnifying bond, it was held by this court, that when the instrument in suit deviates in the least degree from a simple contract to indemnify against damage, even where indemnity is the sole object of the contract, and where, in consequence of the primary liability of other persons, actual loss may not be sustained, the measure of damages would be

actual compensation for probable loss. In the case cited, the obligors of the bond in suit agreed not only that they would save the obligee harmless from the debts mentioned in the bond, but that they would actually pay all said debts ; and it was further held, that the obligee of the bond could have recovered thereon from the obligors the entire unpaid debts, mentioned in the bond, existing at the time of the execution thereof.

So, in the case at bar, the mortgagors agreed not only to save harmless and indemnify the said John Floyd from any damage, loss or expense, by reason of his being surety on the note described in the mortgage, but they expressly agreed to pay the sum of money evidenced by the note. We are of the opinion, therefore, that the appellee, as the administrator of the estate of John Floyd, deceased, without having first paid the note or any part thereof, could maintain this action for the foreclosure of said mortgage, and could recover as damages actual compensation for the total probable loss. *Wright* v. *Whiting*, 40 Barb. 235 ; *Gilbert* v. *Wiman*, *supra;* and *Weddle* v. *Stone*, 12 Ind. 625.

It follows, therefore, that the objections of the appellants' counsel to the sufficiency of the appellee's complaint, in this case, are not well taken, and, as we think, afford no sufficient ground for the reversal of the judgment.

The judgment is affirmed, at the appellants' costs.