No. 10,130.

BODKIN ET AL. *v.* MERIT.

MORTGAGE.—*Indemnity.—Action by Mortgagee to Foreclose.—Judgment Against Principal and Surety.*—A mortgage to a surety to indemnify him, which covenants to pay the debt and indemnify the surety, gives a right of action to the surety before payment to foreclose on failure to pay at maturity, if the debt has gone into judgment against the principal and surety, and there be no property of the former, except the mortgaged property, subject to execution.

Bodkin *et al. v.* Merit.

SAME.—*Mortgage not Satisfied by Renewal Note.*—A mortgage to secure the payment of a certain note is not satisfied by the giving of other notes in renewal. The debt, and not the mere evidence of it, is the thing secured, and so long as this subsists in any form, the mortgage remains to secure it.

From the Switzerland Circuit Court.

*J. D. Works, J. A. Works* and *S. R. Downey,* for appellants.

*S. Carter, W. R. Johnston* and *F. M. Griffiths,* for appellee.

ELLIOTT, J.—The complaint of the appellants asks that a judgment and decree, rendered against them in an action on a mortgage executed to appellee to indemnify him against loss upon an undertaking as surety, may be reviewed and set aside upon the ground that the complaint in the former action was insufficient.

The objection first urged against the complaint in the former action is, that it does not show that the plaintiff in that action suffered any loss or paid any money on account of his suretyship. The complaint does not show that the surety has paid the indebtedness for which he was liable, but it does show that judgment has been taken for it against him and his principals, and that the latter have no other property subject to execution than that embraced in mortgage. This instrument does contain an express promise to pay the indebtedness for which the appellee was surety, and as the appellants are shown not to have paid it, there is a breach of the condition and a complete right of action. The judgment settles the amount the appellee is bound to pay, the complaint shows that it can only be made out of the property mortgaged, and there can be no doubt of the right of the mortgagee to a decree of foreclosure. In *Gunel* v. *Cue,* 72 Ind. 34, it was held that where a mortgage made to secure a surety from loss contained a provision similar to that written in the one under immediate mention, it bound the mortgagor to pay the debt, and that a breach of this covenant conferred an immediate right of action. It is well settled that such a covenant is, as PARKE, B., said, in *Loosemore* v. *Radford,* 9 M. & W. 657, "an

VOL. 86.—36

absolute and positive covenant by the defendant to pay a sum of money on a day certain." *Devol* v. *McIntosh*, 23 Ind. 529 ;. *Weddle* v. *Stone*, 12 Ind. 625. The case of *Tate* v. *Booe*, 9 Ind.. 13, which seems to assert a different doctrine, was expressly overruled in *Johnson* v. *Britton*, 23 Ind. 105.

It is said, however, that the covenant expressed in the words "and the mortgagors agree to pay the sum above secured," refers to a sum named in the mortgage as due the mortgagee. We can not so read the instrument. It is a familiar rule that all the provisions of a contract are to be. considered for the purpose of ascertaining the intention of the parties, and that, when the intention is ascertained, it shall be carried into effect. Taking into consideration all the provisions of the instrument before us, it is perfectly clear that the mortgagors covenanted to pay the entire indebtedness described in the mortgage, and not merely a part of it. In verification of our conclusion, we need quote only one of the other provisions of the mortgage, and this is the one which reads thus : " Now, if the mortgagors pay said sums of money and all interest thereon, and save the mortgagee from any and all. liability thereon, this mortgage to be of no effect, otherwise to be in full force as a security and indemnity as aforesaid." This means that the mortgage shall secure all the sums which the mortgagors have agreed to pay, and shall also stand as an indemnity to the mortgagee for all incidental losses, as costs. and the like.

It is also contended that the complaint does not identify the indebtedness secured. We are clear that the mortgage on its face does this, but if we are wrong in this, it is quite cer- tain that the complaint, by a proper statement of facts, does,. and this, it is settled, is sufficient where, as here, the mortgage itself supplies ample means of identification.

The fact that the notes which were originally given were renewed by others executed in their place, and for the same debt, does not release the mortgage. It has been many times decided that a mortgage stands for the debt, although there

may be many changes in the forms of the evidence of indebtedness, and that notes given in renewal of the original note or notes are covered by the mortgage, and that it remains as a security for the latter. *Mayer* v. *Grottendick,* 68 Ind. 1 ; *McCormick* v. *Digby,* 8 Blackf. 99 ; *Cissna* v. *Haines,* 18 Ind. 496 ; *Dumell* v. *Terstegge,* 23 Ind. 397. A good statement of the law is that of Mr. Jones, who says : "No change in the form of the indebtedness or in the mode or time of payment will discharge the mortgage. A mortgage secures a debt, and not the note, or bond, or other evidence of it." 2 Jones Mortg., section 924.

Judgment affirmed.