Malott v. Goff.

———————◆———————

No. 11,261.

MALOTT v. GOFF.

MORTGAGE OF INDEMNITY.—*Express Agreement to Pay Debt.—Foreclosure.—*
—Where an indemnifying mortgage contains an express agreement of the mortgagor to pay the debt therein described, upon his failure to pay when his liability is ascertained and fixed, and the debt is due, the mortgagee may at once, without having paid such debt or any part thereof, maintain an action for the foreclosure of the mortgage and may recover therein, as damages, actual compensation for the total probable loss.

From the Grant Circuit Court.

*J. A. Kersey* and *L. D. Baldwin*, for appellant.

*I. VanDevanter* and *J. W. Lacey*, for appellee.

HOWK, J.—In this case the only error assigned by the appellant, Malott, the plaintiff below, is the decision of the circuit court in sustaining appellee's demurrer to his complaint.

The material facts stated by the appellant in his complaint are as follows: On the 18th day of February, 1878, one Jesse H. Nelson and his wife conveyed by their deed of that date lot No. 4, in block No. 18, in the town of Marion, in Grant county, to Millicent Malott, then and since the wife of the appellant. On the same day, and in consideration of such conveyance, the appellant and his wife conveyed 58.66 acres of land, particularly described, in Grant county, to said Jesse H. Nelson. At and before the date of these conveyances, said lot No. 4, in the town of Marion, was encumbered by the lien of a certain judgment, which one William White had, at the September term, 1876, of the court below, recovered against

Jesse H. Nelson, and another for the sum of $1,201. On the same day the deeds above described were executed, Jesse H. Nelson and his wife mortgaged the afore-mentioned 58.66 acres of land to the appellant, Robert Malott, to indemnify him from any loss he might thereafter sustain on account of the aforesaid judgment, from which an appeal was then pending in this court; and, in such mortgage, the mortgagors expressly agreed to pay the sum of money therein secured, without relief, etc.

This suit was brought by the appellant, the mortgagee, to foreclose such indemnifying mortgage; and, in addition to the facts aforesaid, the appellant stated in his complaint that the aforesaid judgment had been affirmed by this court (*Nelson* v. *White*, 61 Ind. 139) on the 19th day of September, 1878; that such judgment had then become and since remained due and wholly unpaid, and was a lien upon said lot No. 4, conveyed as aforesaid to the appellant's wife, Millicent Malott; that the said Jesse H. Nelson had wholly failed and refused to pay the said judgment, and was then insolvent; that the mortgage in suit was duly recorded on the 27th day of February, 1878, in the recorder's office of Grant county; and that afterwards, on the 16th day of March, 1880, the appellee, George B. Goff, purchased and became the owner in fee of Jesse H. Nelson's interest in the mortgaged real estate, subject to the lien of the appellant's mortgage thereon. Wherefore, etc.

The mortgage in suit was illy prepared, and the allegations of the complaint, as it appears in the record, are badly confused and disconnected; but we have given, we think, a fair and full statement of the facts constituting the appellant's alleged cause of action. The only question for our decision is this: Do these facts show an existing cause of action, in favor of the appellant, for the foreclosure of his mortgage against the appellee? We are of the opinion that this question must be answered in the affirmative. The case at bar can not be

distinguished, in principle, from *Gunel* v. *Cue*, 72 Ind. 34. In that case it was held by this court that where an indemnifying mortgage contains an express agreement of the mortgagors to pay the debt secured, upon their failure to pay such debt when due, the mortgagee may at once, without having first paid the debt, or any part thereof, maintain an action for the foreclosure of the mortgage, and may recover therein, as damages, actual compensation for the total probable loss. The case cited has been approved by this court, upon the point under consideration, in the following more recent cases : *Durham* v. *Craig*, 79 Ind. 117 ; *Strong* v. *Taylor School Tp.*, 79 Ind. 208 ; *Bodkin* v. *Merit*, 86 Ind. 560 ; *Loehr* v. *Colborn*, 92 Ind. 24. To the same effect, substantially, we also cite the following cases: *Loosemore* v. *Radford*, 9 M. & W. 657 ; *Weddle* v. *Stone*, 12 Ind. 625 ; *Devol* v. *McIntosh*, 23 Ind. 529 ; *South Side, etc., Ass'n* v. *C. & S. Lumber Co.*, 64 Ind. 560 ; *Thomas* v. *Allen*, 1 Hill, 145 ; *Gilbert* v. *Wiman*, 1 N. Y. 550 ; *Wilson* v. *Stilwell*, 9 Ohio St. 467 ; *Wright* v. *Whiting*, 40 Barb. 235.

Our conclusion is that the appellant's complaint in this case stated facts sufficient to constitute a cause of action, and that the demurrer thereto ought to have been overruled.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Filed June 27, 1884.