Filed Nov. 26, 1884.

---

No. 11,947.

## REYNOLDS v. SHIRK ET AL.

MORTGAGE.—*Indemnity.*—*Agreement to Pay Debt.*—*Foreclosure.*—*Damages.*— Where a mortgage of indemnity contains an express agreement of the mortgagor to pay the debt therein described, upon his failure to pay when his liability is ascertained and fixed, and the debt is due, the holder of such mortgage may at once, without having paid the debt or any part thereof, maintain an action for the foreclosure of the mortgage, and may recover therein, as damages, actual compensation for the total probable loss.

SHERIFF'S SALE.—*Purchaser's Title.*—*Sheriff's Deed.*—The purchaser of real estate at sheriff's sale requires, for the completion and perfection of his title, the execution of a sheriff's deed in pursuance of such sale.

SAME.—*Mortgage Debt.*—*Judgment without Foreclosure.*—*Execution.*— *Void Sale.* —Where a personal judgment is rendered for the mortgage debt, without foreclosure of the mortgage, and where, upon execution issued on such judgment, the mortgaged real estate is levied upon and sold by the sheriff, such sale is in contravention of the provisions of section 1105, R. S. 1881, and is inoperative and wholly void.

From the Tipton Circuit Court.

*J. T. Lecklider,* for appellant.

*H. J. Shirk, J. Mitchell, R. Hill* and *R. N. Lanb,* for appellees.

Reynolds *v.* Shirk *et al.*

Howk, J.—This was a suit by the appellee Milton Shirk, as sole plaintiff, against the appellant, John Reynolds, and Benjamin F. Brown, Sarah W. Brown, Mary A. Walker and the Penn Mutual Life Insurance Company, who are named as appellees in this court as defendants. The object of the suit was to foreclose a certain mortgage alleged to have been executed on the first day of February, 1872, on certain described real estate in Tipton county by the defendant Benjamin F. Brown, to one James M. Brown, and to have been by him assigned on the record thereof in Tipton county, on the 8th day of February, 1877, to the appellee Shirk. The mortgage so executed and assigned was given "to secure James M. Brown, as the surety of said B. F. Brown on a note dated February 1st, 1872, due one year after date, for five thousand dollars, payable to Milton Shirk, Cashier, at the First National Bank of Peru, Indiana;" and it closed with the stipulation that "the mortgagor expressly agrees to pay the sum of money above secured without any relief," etc. It was alleged, *inter alia,* that such mortgage was duly recorded on the 6th day of February, 1872, in the recorder's office of Tipton county, and that the debt evidenced by the note therein described was long past due and remained unpaid. The appellant, Reynolds, and his co-defendants, except the mortgagor, were junior encumbrancers, and as such were made defendants to appellee Shirk's suit.

The defendants Benjamin F. and Sarah W. Brown filed a written disclaimer, and the other defendants, except the appellant, made default. Appellant, Reynolds, separately answered in three paragraphs, of which the first was a general denial, and each of the other two paragraphs stated a special defence. The demurrers of appellee Shirk were sustained to the second and third paragraphs of appellant's answer, and to each of these rulings he excepted. He then withdrew the first paragraph of his answer, and, refusing to amend or plead further, a judgment and decree of foreclosure were rendered by the court as prayed for in Shirk's complaint.

Errors are assigned here by the appellant, Reynolds, which call in question the decisions of the court below (1) in overruling his demurrer to Shirk's complaint, and (2) in sustaining Shirk's demurrers to the second and third paragraphs of his answer. These errors we will consider in their enumerated order, and decide the questions thereby presented.

It was alleged in the complaint of appellee Shirk, in addition to what we have already stated, that after the note described in the mortgage now in suit became due, to wit, on April 24th, 1874, the appellee Shirk, by the consideration of the superior court of Marion county, in an action upon such note then and there pending, wherein he was plaintiff, and the makers of the note, Benjamin F. and James M. Brown, were defendants, recovered a judgment against them for the sum of $6,310.18, being the principal, interest and attorney's fees then due on such note; that afterwards, in 1876, the appellee Shirk sued out of such superior court, on such judgment, an execution which was directed to, and placed in the hands of, the sheriff of Tipton county; that, by virtue of such execution, the sheriff aforesaid levied upon and sold to appellee Shirk, for the sum of $50, the real estate described in the mortgage now in suit; and that such real estate had never been redeemed from such sheriff's sale thereof.

Appellant's counsel insists that the demurrer ought to have been sustained to Milton Shirk's complaint, because it was shown thereby that the mortgage in suit was one of indemnity merely, and that the mortgagee, James M. Brown, had "never suffered a cent of loss," in the language of counsel, "because of his suretyship" on the note described in such mortgage. The argument of counsel, as we understand it, may be thus stated: The mortgage was given to secure the mortgagee from damages on account of his suretyship, and on no other account; the complaint shows affirmatively that the mortgagee had never sustained any damages on that account before or after his assignment of such mortgage to the appellee, and, therefore, the mortgage in suit did not constitute

a cause of action in favor of the appellee as the assignee thereof. We are of opinion, however, that appellant's learned counsel has misapprehended the force and effect of the mortgage sued upon. It is more than a mortgage of indemnity, for, as we have seen, it contained the express agreement of the mortgagor that he would pay the sum of money therein secured. Where an indemnifying mortgage contains the express agreement of the mortgagor to pay the debt secured, it is settled by many decisions of this court that if default be made by the mortgagor in the payment of such debt when due, the mortgagee may at once, without having first paid the debt or any part thereof, maintain an action for the foreclosure of such mortgage, and may recover therein, as damages, actual compensation for the total probable loss. *Gunel* v. *Cue,* 72 Ind. 34; *Durham* v. *Craig,* 79 Ind. 117; *Strong* v. *Taylor School Tp.,* 79 Ind. 208; *Bodkin* v. *Merit,* 86 Ind. 560; *Loehr* v. *Colborn,* 92 Ind. 24; *Malott* v. *Goff,* 96 Ind. 496.

Such a cause of action is, of course, assignable by the mortgagee to the holder of the mortgage debt, and he may sue and recover thereon, in the same manner and to the same extent as the mortgagee could have done before the assignment thereof.

But the appellant's counsel further insists, that appellee's complaint was bad on demurrer, because it appeared from its averments that, before the assignment of the mortgage in suit to the appellee and before the commencement of this suit, he had obtained a personal judgment in the Marion Superior Court, against the makers of the mortgage note for the amount due thereon, and had sued out an execution on such judgment, directed to the sheriff of Tipton county, who had, by virtue of such writ, levied upon and sold to the appellee Shirk, for the sum of fifty dollars the real estate described in such mortgage. Appellant's counsel claims, that by reason of such levy upon and sale of the mortgaged lands to the appellee Shirk, this suit has "no foundation, for" (counsel says) "the former suit wiped out the mortgage,—he having bought the thing

mortgaged, left the mortgage a mere shell, dead and empty. Appellee could not foreclose it on his own property, for the property had become his own." It was not shown in the complaint however, nor, indeed, does it appear from the appellant's answer, that the sheriff's sale of the mortgaged real estate to the appellee Shirk had ever been consummated and confirmed by the execution of a sheriff's deed. It has been decided by this court, and correctly so, we think, that a purchaser at sheriff's sale requires, for the completion and perfection of his title, the execution of a sheriff's deed in pursuance of such sale. *Hasselman* v. *Lowe,* 70 Ind. 414; *Felton* v. *Smith,* 84 Ind. 485; *Wilhite* v. *Hamrick,* 92 Ind. 594.

Waiving this point, however, we are of opinion that the sheriff's attempted sale of the mortgaged lands, to the appellee Shirk, was made in direct contravention of the provisions of section 1105, R. S. 1881, and was therefore null and void. In the last sentence of this section of the statute, it is expressly declared that "the equity of redemption shall in no case be sold on such execution." Section 1105, R. S. 1881, is a literal re-enactment of section 640 of the civil code of 1852; and, in construing this latter section, it has been held by this court that such a sale by the sheriff of mortgaged lands, as the sale by the sheriff of Tipton county to the appellee Shirk, is unauthorized by law and wholly void. *Linville* v. *Bell,* 47 Ind. 547; *Boone* v. *Armstrong,* 87 Ind. 168.

We conclude, therefore, that the court committed no error in overruling the appellant's demurrer to the complaint of the appellee Milton Shirk. This conclusion is practically decisive of the questions presented by the rulings of the court, complained of as erroneous, in sustaining appellee's demurrers to the second and third paragraphs of appellant's answers. For, in each of these paragraphs of answer, the appellant pleaded in bar of this action of the appellee Shirk his recovery of a personal judgment against the makers of the mortgage note, in the Marion Superior Court, his suing out an execution on such judgment directed to the sheriff of

Tipton county, and such sheriff's levy upon and sale of the mortgaged lands to the appellee, under and by virtue of such execution, before the assignment to him of the mortgage now in suit and before his commencement of this action. We have clearly shown, as it seems to us, in considering the sufficiency of appellee's complaint, that the facts thus pleaded by the appellant, in his special paragraphs of answer, were not sufficient to bar the appellee's cause of action now in suit, or to prevent him from obtaining a decree for the foreclosure of the mortgage declared upon, and for the sale of the mortgaged real estate. The court did not err in sustaining the demurrers to the second and third paragraphs of appellant's answer.

We find no error in the record.

The judgment is affirmed with costs.

Filed Dec. 10, 1884.